OPINION OP THE COURT.
THIS was an action of assumpsit brought in the circuit court, by Singleton against John B.’Gilly and James Pryor, commission merchants, trading under the firm of Gilly and Pryor; the general issue was pleaded by Gilly and Pryorj and on the trial of that issue a verdict was found against them; but on their motion the verdict was-set aside and a new trial awarded, A second trial was accordingly had and a verdict again fonnd against Gílly and Pryor, and after their motion for a new trial, was overruled, judgment was rendered against them in conformity with the verdict.
To reverse that judgment this writ of error, with supersedeas has been prosecuted.
The assignment of errors, questions the decision of the court, as well in refusing to award the new trial, as in admitting as evidence to the jury the depositions of Jesse Daugherty and Thomas F. Townsley, which were taken and introduced on the trial by Singleton.
There was one objection raised in argument which equally applies to all the depositions, and we will dispose of it before we notice such objections as have not such a general application. It appears that Gilly, one of the firm of Gilly and Pryor, is a resident of the state of Louisiana, and the objection is, that notice of the time and place of taking the deposition to Pryor, the resident partner only, without any notice as to Gilly, was insufficient to authorise the deposition to be read as evidence.
The objection, we think, was correctly overruled by the court below. We admit that generally in suits against several, notice to one will not authorise the rea--ding of a • deposition agaiust others not having notice. But to this as to most general rules there are except *251 Üons, and tbe present case, we suppose, comes within the exception. Gilly and Pryor were partners in the business of commission merchants; each in his character of partner possessed power of binding the firm, and-in suits against them in that character, no reason is perceived why notice to one should not be sufficient to au-thorise a deposition taken in pursuance thereof to be read against both. There is evidently as strong reason in support of the sufficiency of such a notice as can be urged in maintaining the competency of notice to one' of several partners of the dishonor of a bill of exchange to charge all, and such a notice has been held by this court sufficient for that purpose. We are aware that it was in proof, that after the suit was commenced, and about a.yeaf before the trial in the circuit court, the partnership between Gilly and Pryor was dissolved; but they were still responsible for their partnership engagements and if notice to one before the dissolution of the partnership is sufficient to authorise the depositions to he read against both, we apprehend it-must he sufficient notwithstanding the dissolution.
But as respects the deposition of Townsley, there exists another objection which must be decisive against tbe decision of the court permitting it to go in evi~. dence to the jury. The objection to which we allude, is the.tptal absence of proof conducing to shew that Townsleywas either absent from the country or from any other cause, his personal attendance at the trial could not he procured. If his deposition had heen,ta--ken in chief in another state under a commission from the court, it might no doubt have been read without other proof; but the deposition appears to have been taken in this state after an order- permitting the taking it de bene esse, and it is perfectly clear that to authorise the reading as evidence, of such a deposition, evidence must be introduced to shew that the attendance of the witness could not he procured.
Daugherty’s deposition appears to have been twice taken, once irdthis state and again in the state of Indiana, but both in substance the same, and both were read in evidence to the jury. That which was taken in the state of Indiana ought not', we apprehend, in legal strictness to have been allowed to go in evidence to' the jury. It purports to have been taken before one J ustice of the Peace, without the authority of any com;-' *252 mission for that purpose, and although by a statute of this country, justices of the peace here, may take depositions without a commission, we know of no statute which confers on Justices of other states such a power to take depositions to be read as evidence in the courts of this country. If, however, there was no other objection to the decision of the circuit court, we should not be disposed to reverse the judgment-, for as the other deposition of Daugherty taken in this state, is in substance the same of that taken in the state of Indiana, if the former was properly admitted, the plaintiffs in error cannot be said to have sustained a prejudice by the admission of the latter. And as respects the deposition ofDaugheiiy taken in this state, no solid objection is perceived. As it was taken in this state it ought perhaps to be considered as having been taken de bene esse, but considered in that light, we apprehend, enough exists in the record to shew it was regularly admitted as evidence. An order appears to have been obtained from the court for a commission to take his deposition in chief in the state of Indiana, where he was proved to reside; and that proof was sufficient to justify the inference, that his personal attendance could not have been procured on the trial.
In consequence of the admission of Townsley’s deposition, the judgment must, however, be reversed with costs; the cause remanded to the court below, and further proceedings there had not inconsistent with this o-pinion.